Carhart, J.
The plaintiff, Zofia Burzynska, filed this action in the nature of certiorari pursuant to G.L.c. 249, §4 seeking review of a decision of the Commissioner of the Department of Industrial Accidents (“the Commissioner”) denying the plaintiffs request for an extension of time for the plaintiff to appeal a decision of an Administrative Law Judge. The plaintiff argues that there was no other avenue of appeal and therefore a writ of certiorari was appropriate. The defendant argues that because G.L.c. 30A, §14 provides the plaintiff with an opportunity to appeal the defendant’s decision, she is barred from filing a writ of certiorari. I agree with the defendant’s position and therefore allow his motion to dismiss.
DISCUSSION
Certiorari is only available for appeals which “are not otherwise reviewable by motion or by appeal. . .” G.L.c. 249, §4; Mayor of Revere v. Civil Service Comm’n, 31 Mass.App.Ct. 315, 321 (1991). The first paragraph of G.L.c. 30A, §14 provides that “any person . . . aggrieved by a final decision of any agency in an adjudicatory proceeding . . . shall be entitled to a judicial review thereof as follows ...” An “adjudicatory proceeding” is defined as “a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing.” G.L.c. 30A, §1(1).
The defendant’s decision to deny the plaintiff an extension to file an appeal was part of a proceeding in which plaintiffs legal rights were determined after an agency hearing (the Administrative Judge’s Conference). In fact, G.L.c. 152, §10A provides that a “(f]ail-ure to file a timely appeal shall be deemed to be acceptance of the administrative judge’s order and findings . ..” Thus, the plaintiff should have appealed the Commissioner’s decision pursuant to G.L.c. 30A, §14 within thirty days of his December 31, 1993 decision. Having failed to pursue her statutory remedy the plaintiff is barred from bringing an action in the nature of certiorari.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss is ALLOWED.